UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN NOKES, | : | CASE NO. 1:17-cv-00482 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | |
| MIAMI UNIVERSITY, et al., | : | **DEFENDANTS' ANSWER AND** |
| | : | **AFFIRMATIVE DEFENSES** |
| Defendants. | : | |
| | : | **DEMAND FOR JURY TRIAL** |

Defendants Miami University ("University"), Susan Vaughn, Steven Elliot, Jayne Brownell, and Michael Curme (collectively "Defendants") by and through counsel, for their answer to Plaintiff's Complaint, state as follows:

1.      Defendants admit that Plaintiff has brought an action for a declaratory judgment, injunctive relief, violation of 42 U.S.C. § 1983, and violation of Title IX. Defendants deny any other allegations in paragraph 1 of Plaintiff's Complaint.

2.      Defendants deny the allegations in paragraph 2 of Plaintiff's Complaint.

3.      Defendants admit the allegations in paragraph 3 of Plaintiff's Complaint.

3a.      The location of Plaintiff's residence was omitted, so Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations and therefore deny the same.  Defendants deny that Plaintiff has completed four semesters of graduate coursework at the University.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3a of Plaintiff's Complaint and therefore deny the same.

3b.      Defendants deny the allegations in paragraph 3b of Plaintiff's Complaint.

4.      Defendants admit the allegations in paragraph 4 of Plaintiff's Complaint.

4a.     Defendants admit the allegations in paragraph 4a of Plaintiff's Complaint.

4b.     Defendants admit the allegations in paragraph 4b of Plaintiff's Complaint.

5.     Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

5a.     Defendants admit the allegations in paragraph 5a of Plaintiff's Complaint.

5b.     Defendants admit the allegations in paragraph 5b of Plaintiff's Complaint.

5c.     The allegations in paragraph 5c of Plaintiff's Complaint are vague as they fail to identify any timeframe regarding Defendant Vaughn's purported actions. Therefore, Defendants deny the allegations in paragraph 5c of Plaintiff's Complaint.

5d.     Defendants admit that Defendant Vaughn is the Director of the Office of Ethics and Student Conflict Resolution.  The Office of Ethics and Student Conflict Resolution is one of the eighteen departments within the Division of Student Affairs.

6.     Defendants admit the allegations in paragraph 6 of Plaintiff's Complaint.

6a.     Defendants admit the allegations in paragraph 6a of Plaintiff's Complaint.

6b.     Defendants admit the allegations in paragraph 6b of Plaintiff's Complaint.

6c.     The allegations in paragraph 6c of Plaintiff's Complaint are vague as they fail to identify any timeframe regarding Defendant Elliot's purported actions. Therefore, Defendants deny the allegations in paragraph 6c of Plaintiff's Complaint.

6d.     Defendants admit that Defendant Elliot serves in an appellate role in some student disciplinary matters through the Office of Ethics and Student Conflict Resolution.

7.     Defendants admit the allegations in paragraph 7 of Plaintiff's Complaint.

7a.     Defendants admit the allegations in paragraph 7a of Plaintiff's Complaint.

7b.     The allegations in paragraph 7b of Plaintiff's Complaint are vague as they fail to identify any timeframe regarding Defendant Brownell's purported actions. Therefore, Defendants deny the allegations in paragraph 7b of Plaintiff's Complaint.

7c.     Defendants admit that Defendant Brownell is the Vice President of the Division of Student Affairs.

8.     Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

8a.     Defendants admit the allegations in paragraph 8a of Plaintiff's Complaint.

8b.     The allegations in paragraph 8b of Plaintiff's Complaint are vague as they fail to identify any timeframe regarding Defendant Curme's purported actions. Therefore, Defendants deny the allegations in paragraph 8b of Plaintiff's Complaint.

8c.     Defendants admit that Defendant Curme is the Associate Vice President and Dean of Students. The Dean of Students Office is one of the eighteen departments within the Division of Student Affairs.

9.     Defendants admit that Defendants Vaughn, Elliot, Curme, and Brownell are referred to as the "Individual Defendants." Defendants deny the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit the allegations in paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations in paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations in paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint.

14a – 14e.     Defendants state that the basis for the allegations in paragraphs 14a, 14b, 14c, and 14d is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 14a, 14b,

3

14c, and 14d mischaracterize the written document or documents which form the basis for the allegations in paragraphs 14a, 14b, 14c, and 14d, Defendants deny the allegations. To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 14a, 14b, 14c, and 14d and therefore deny the same.

14f.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14f of Plaintiff's Complaint and therefore deny the same.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of Plaintiff's Complaint and therefore deny the same.

15a-15f.     Defendants state that the basis for the allegations in paragraphs 15a, 15b, 15c, 15d, 15e, and 15f is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 15a, 15b, 15c, 15d, 15e, and 15f mischaracterize the written document or documents which form the basis for the allegations in paragraphs 15a, 15b, 15c, 15d, 15e, and 15f, Defendants deny the allegations. To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 15a, 15b, 15c, 15d, 15e, and 15f, and therefore deny the same.

16.     Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint to the extent that the allegations refer to the University. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore deny the same.

16a – 16e.     Defendants state that the basis for the allegations in paragraphs 16a, 16b, 16c, 16d, and 16e is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 16a, 16b, 16c, 16d, and 16e  mischaracterize the written document or documents which form the basis for the allegations in paragraphs 16a, 16b, 16c, 16d, and 16e, Defendants deny the allegations.  To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 16a, 16b, 16c, 16d, and 16e and therefore deny the same.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore deny the same.

17a.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17a and therefore deny the same.

17b – 17c.     Defendants state that the basis for the allegations in paragraphs 17b and 17c is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 17b and 17c mischaracterize the written document or documents which form the basis for the allegations in paragraphs 17b and 17c, Defendants deny the allegations.  To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 17b and 17c and therefore deny the same.

18.     Defendants deny the allegations in the first sentence of paragraph 18 of Plaintiff's Complaint.  Defendants state that the basis for the remaining allegations in paragraph 18 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 18

5

mischaracterizes the written document or documents which form the basis for the allegations in paragraph 18, Defendants deny the allegations. To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 and therefore deny the same.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

19a – 19c. Defendants state that the basis for the allegations in paragraphs 19a, 19b, and 19c is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph paragraphs 19a, 19b, and 19c mischaracterize the written document or documents which form the basis for the allegations in paragraphs 19a, 19b, and 19c, Defendants deny the allegations. To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph paragraphs 19a, 19b, and 19c and therefore deny the same.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint.

20a. Defendants state that the basis for the allegations in paragraph 20a is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph 20a mischaracterizes the written document or documents which form the basis for the allegations in paragraph 20a, Defendants deny the allegations. To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20a and therefore deny the same.

20b.   Defendants deny the allegations in the first sentence of paragraph 20b of Plaintiff's Complaint.  The allegations in the second sentence of paragraph 20b of Plaintiff's Complaint are unintelligible, and, therefore, Defendants deny the same.

21.   Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint.

21a.   Defendants admit the allegations in paragraph 21a of Plaintiff's Complaint.

21b.   Defendants admit the allegations in paragraph 21b of Plaintiff's Complaint.

21bi.   Defendants state that the basis for the allegations in paragraph 21bi is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 21bi mischaracterizes the written document or documents which form the basis for the allegations in paragraph 21bi, Defendants deny the allegations.

21bii.   Defendants state that the basis for the allegations in paragraph 21bi is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 21bi mischaracterizes the written document or documents which form the basis for the allegations in paragraph 21bi, Defendants deny the allegations.

21biii.   Defendants state that the basis for the allegations in paragraph 21biii is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 21biii mischaracterizes the written document or documents which form the basis for the allegations in paragraph 21biii, Defendants deny the allegations.  To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21biii and therefore deny the same.

7

22.     Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23 – 23d.     Defendants admit the allegations in paragraphs 23, 23a, 23b, 23c, and 23d of Plaintiff's Complaint.

24.     Defendants admit the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendants admit the allegations in paragraph 25 of Plaintiff's Complaint.

26 – 26bii.     Defendants state that the basis for the allegations in paragraphs 26, 26a, 26b, 26bi, and 26bii is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 26, 26a, 26b, 26bi, and 26bii mischaracterize the written document or documents which form the basis for the allegations in paragraph 26, Defendants deny the allegations.

27.     Defendants state that the basis for the allegations in paragraph 27 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 27 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 27, Defendants deny the allegations.

28 – 28b.     Defendants state that the basis for the allegations in paragraphs 28, 28a, and 28n is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 28, 28a, and 28b mischaracterize the written document or documents which form the basis for the allegations in paragraphs 28, 28a, and 28b, Defendants deny the allegations.

29 – 29d.     Defendants state that the basis for the allegations in paragraphs 29, 29a, 29b, 29c, and 29d is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 29, 29a, 29b, 29c, and 29d mischaracterize the written document or documents which form

8

the basis for the allegations in paragraphs 29, 29a, 29b, 29c, and 29d, Defendants deny the allegations.

30.     Defendants state that the basis for the allegations in paragraph 30 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 30 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 30, Defendants deny the allegations.

31.     Defendants state that the basis for the allegations in paragraph 31 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 31 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 31, Defendants deny the allegations.

32 – 32biv.    Defendants state that the basis for the allegations in paragraphs 32, 32a, 32b, 32bi, 32bii, 32biii, and 32biv is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 32, 32a, 32b, 32bi, 32bii, 32biii, and 32biv mischaracterize the written document or documents which form the basis for the allegations in paragraphs 32, 32a, 32b, 32bi, 32bii, 32biii, and 32biv, Defendants deny the allegations.

33.     Defendants state that the basis for the allegations in paragraph 33 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 33 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 33, Defendants deny the allegations.

21269323.1

34.     Defendants state that the basis for the allegations in paragraph 34 is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph 34 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 34, Defendants deny the allegations.

35.     Defendants state that the basis for the allegations in paragraph 35 is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph 35 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 35, Defendants deny the allegations.

36.     Defendants state that the basis for the allegations in paragraph 36 is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph 36 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 36, Defendants deny the allegations.

37 – 37b.     Defendants state that the basis for the allegations in paragraphs 37, 37a, and 37b is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 37, 37a, and 37b mischaracterize the written document or documents which form the basis for the allegations in paragraphs 37, 37a, and 37b, Defendants deny the allegations.

38.     Defendants state that the basis for the allegations in paragraph 38 is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph 38 mischaracterizes the

written document or documents which form the basis for the allegations in paragraph 38, Defendants deny the allegations.

39.     Defendants state that the basis for the allegations in paragraph 39 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 39 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 39, Defendants deny the allegations.

40.     Defendants state that the basis for the allegations in paragraph 40 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 40 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 40, Defendants deny the allegations.

41.     Defendants state that the basis for the allegations in paragraph 41 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 41 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 41, Defendants deny the allegations.

42 – 42e.     Defendants state that the basis for the allegations in paragraphs 42, 42a, 42b, 42bi, 42bii, 42biii, 42c, 42d, and 42e is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 42, 42a, 42b, 42bi, 42bii, 42biii, 42c, 42d, and 42e mischaracterize the written document or documents which form the basis for the allegations in 42, 42a, 42b, 42bi, 42bii, 42biii, 42c, 42d, and 42e, Defendants deny the allegations.

11

21269323.1

43.     Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44.     Defendants admit that the University offers certain accommodations to students, including those who have reported allegations of sexual harassment and sexual assault.  Defendants admit that accommodations considered by the University may include items such as changes in homework deadlines, class schedules, and examination schedules.

44a.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44a and therefore deny the same.

44b.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44b and therefore deny the same.

44c.    Defendants lack knowledge or information sufficient to form a belief about the truth of whether accommodations have ever been disclosed to a hearing panel and therefore deny the allegations in paragraph 44c.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and therefore deny the same.

46.     Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

47.     Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

47a.    Defendants deny the allegations in paragraph 47a of Plaintiff's Complaint.

47b.    Defendants deny the allegations in paragraph 47b of Plaintiff's Complaint.

48.     Defendants admit the allegations in paragraph 48 of Plaintiff's Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore deny the same.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and therefore deny the same.

12

51.     Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

51a.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51a and therefore deny the same.

51b.     Defendants deny the allegations in paragraph 51b of Plaintiff's Complaint.

51c.     Defendants deny the allegations in paragraph 51c of Plaintiff's Complaint.

51d.     Defendants deny the allegations in paragraph 51d of Plaintiff's Complaint.

52.     Defendants admit the allegations in the first sentence of paragraph 52 of Plaintiff's Complaint.   Defendants state that the basis for the remaining allegations in paragraph 52 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that the remaining allegations in paragraph 52 mischaracterize the written document or documents which form the basis for the remaining allegations in paragraph 52, Defendants deny the allegations.

53.     Defendants admit the allegations in paragraph 53 of Plaintiff's Complaint.

53a – 53b.     Defendants state that the basis for the allegations in paragraphs 53a and 53b is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 53a and 53b mischaracterize the written document or documents which form the basis for the remaining allegations in paragraphs 53a and 53b, Defendants deny the allegations.

54.     Defendants admit the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     Defendants admit the allegations in Paragraph 55 of Plaintiff's Complaint.

55a.     Defendants state that the basis for the allegations in paragraphs 55a, 55b, and 55c is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 55a, 55b, and 55c

13

mischaracterize the written document or documents which form the basis for the allegations in paragraphs 55a, 55b, and 55c, Defendants deny the allegations.

56.     Defendants state that the basis for the allegations in paragraph 56 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 56 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 56, Defendants deny the allegations.

57.     Defendants admit that after receiving Jane Roe's complaint, John Doe and Jane Roe submitted statements and information and that John Doe did not provide a formal statement himself.  Defendants deny that there was no investigation.  Whether or not there was any inquiry about accommodations received by Jane Roe is embodied in the transcript of the disciplinary hearing which speaks for itself.

58.     Defendants admit that a summary suspension hearing was held and that Plaintiff was permitted to remain on campus during the disciplinary process. Defendants deny the remaining allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendants admit that Jane Roe presented evidence to the OESCR in the form of witness statements, among other evidence.

59a-59c.      Defendants state that the basis for the allegations in paragraphs 59a, 59b, 59bi, 59bii, 59biii, and 59c is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 59a, 59b, 59bi, 59bii, 59biii, and 59c mischaracterize the written document or documents which form the basis for the allegations in paragraphs 59a, 59b, 59bi, 59bii, 59biii, and 59c, Defendants deny the allegations.

60.     Defendants admit the allegations in paragraph 60 of Plaintiff's Complaint.

60a-60c.     Defendants state that the basis for the allegations in paragraphs 60a, 60b, 60bii, 60biii, and 60c is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 60a, 60b, 60bii, 60biii, and 60c mischaracterize the written document or documents which form the basis for the allegations in paragraphs 60a, 60b, 60bii, 60biii, and 60c, Defendants deny the allegations.

61.     Defendants admit the allegations in paragraph 61 of Plaintiff's Complaint.

62.     Defendants admit the allegations in paragraph 62 of Plaintiff's Complaint.

62a.     Defendants admit the allegations in paragraph 62a of Plaintiff's Complaint.

62b.     Defendants admit the allegations in paragraph 62b of Plaintiff's Complaint.

63.     Defendants state that the basis for the allegations in paragraph 63 is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraph 63 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 63, Defendants deny the allegations.

64 – 64b.     Defendants state that the basis for the allegations in paragraphs 64, 64a, and 64b is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 64, 64a, and 64b mischaracterize the written document or documents which form the basis for the allegations in paragraphs 64, 64a, and 64b, Defendants deny the allegations.

65 – 65c.     Defendants state that the basis for the allegations in paragraphs 65, 65a, 65b, and 65c is embodied in a written document or documents which speak for

15

themselves and therefore no answer is required. To the extent that paragraphs 65, 65a, 65b, and 65c mischaracterize the written document or documents which form the basis for the allegations in paragraphs 65, 65a, 65b, and 65c, Defendants deny the allegations.

66 – 66e. Defendants state that the basis for the allegations in paragraphs 66, 66a, 66b, 66c, 66d, and 66e is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 66, 66a, 66b, 66c, 66d, and 66e mischaracterize the written document or documents which form the basis for the allegations in paragraphs 66, 66a, 66b, 66c, 66d, and 66e, Defendants deny the allegations.

67 – 67d. Defendants state that the basis for the allegations in paragraphs 67, 67a, 67b, 67c, and 67d is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 67, 67a, 67b, 67c, and 67d mischaracterize the written document or documents which form the basis for the allegations in paragraphs 67, 67a, 67b, 67c, and 67d, Defendants deny the allegations.

68. Defendants state that the basis for the allegations in paragraph 68 is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph 68 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 68, Defendants deny the allegations.

69 – 69b. Defendants state that the basis for the allegations in paragraphs 69, 69a, and 69b is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 69, 69a, and 69b mischaracterize the written document or documents which form the basis for

16

the allegations in paragraphs 69, 69a, and 69b, Defendants deny the allegations. To the extent that any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 69, 69a, and 69b and therefore deny the same.

70 – 70b.     Defendants state that the basis for the allegations in paragraphs 70, 70a, and 70b is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 70, 70a, and 70b mischaracterize the written document or documents which form the basis for the allegations in paragraphs 70, 70a, and 70b, Defendants deny the allegations.

71 – 71b.     Defendants state that the basis for the allegations in paragraphs 71, 71a, and 71b is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 71, 71a, and 71b mischaracterize the written document or documents which form the basis for the allegations in paragraphs 71, 71a, and 71b, Defendants deny the allegations.

72 – 72b.     Defendants state that the basis for the allegations in paragraphs 72, 72a, and 72b is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraphs 72, 72a, and 72b mischaracterize the written document or documents which form the basis for the allegations in paragraphs 71, 71a, and 71b, Defendants deny the allegations.

73.     Defendants state that the basis for the allegations in paragraph 73 is embodied in a written document or documents which speak for themselves and therefore no answer is required. To the extent that paragraph 73 mischaracterizes the written document or documents which form the basis for the allegations in paragraph 73, Defendants deny the allegations.

17

21269323.1

74 – 74d.    Defendants admit that Defendant Steven Elliot was designated to review Plaintiff's second appeal.  Defendants state that the basis for the remaining allegations in paragraphs 74, 74a, 74b, 74c, and 74d is embodied in a written document or documents which speak for themselves and therefore no answer is required.  To the extent that paragraphs 74, 74a, 74b, 74c, and 74d mischaracterize the written document or documents which form the basis for the allegations in paragraphs 74, 74a, 74b, 74c, and 74d, Defendants deny the allegations.

75.    Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint.

75a.    Defendants deny the allegations in paragraph 75a of Plaintiff's Complaint.

75b.    Defendants deny the allegations in paragraph 75b of Plaintiff's Complaint.

75c.    Defendants deny the allegations in paragraph 75c of Plaintiff's Complaint.

76.    Defendants deny the allegations in paragraph 76 of Plaintiff's Complaint.

77.    Defendants repeat and incorporate each of their foregoing answers as if fully set forth herein.

78.    Defendants deny the allegations in paragraph 78 of Plaintiff's Complaint.

79.    The allegations in paragraph 79 of Plaintiff's Complaint are a statement of law to which no response is required.

80.    The allegations in paragraph 80 of Plaintiff's Complaint are a statement of law to which no response is required.

81.    The allegations in paragraph 81 of Plaintiff's Complaint are a statement of law to which no response is required.

82.    The allegations in paragraph 82 of Plaintiff's Complaint are a statement of law to which no response is required.

21269323.1

83. The allegations in paragraph 83 of Plaintiff's Complaint are a statement of law to which no response is required.

84. The allegations in paragraph 84 of Plaintiff's Complaint are a statement of law to which no response is required.

85. The word "significant" is vague and undefined. Therefore, Defendants deny the allegations in paragraph 85 of Plaintiff's Complaint.

85a. Defendants deny the allegations in paragraph 85a of Plaintiff's Complaint.

85b. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85b and therefore deny the same.

85c. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85c and therefore deny the same.

86 – 86e. Defendants deny the allegations in paragraphs 86, 86a, 86b, 86c, 86d, and 86e of Plaintiff's Complaint.

87. Defendants admit that they dispute that they violated any due process rights to which Plaintiff was entitled.

88. To the extent Plaintiff is alleging that the University and its employees comply with the University's Student Code of Conduct, the allegations are admitted.

89. Defendants deny the allegations in paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations in paragraph 90 of Plaintiff's Complaint.

91. Defendants repeat and incorporate each of their foregoing answers as if fully set forth herein.

92. Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations in paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegations in paragraph 94 of Plaintiff's Complaint.

21269323.1

95.     Defendants deny the allegations in paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny the allegations in paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations in paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny the allegations in paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations in paragraph 99 of Plaintiff's Complaint.

100.    Defendants repeat and incorporate each of their foregoing answers as if fully set forth herein.

101.    Defendants admit the allegations in paragraph 101 of Plaintiff's Complaint.

102.    The allegations in paragraph 102 of Plaintiff's Complaint are a statement of law to which no response is required.

103.    Defendants admit that the University receives federal funding and is subject to Title IX.

104.    The allegations in paragraph 104 of Plaintiff's Complaint are a statement of law to which no response is required.

105.    Defendants deny the allegations in paragraph 105 of Plaintiff's Complaint.

106 – 106d.   Defendants deny the allegations in paragraphs 106, 106a, 106b, 106c, and 106d of Plaintiff's Complaint.

107 – 107d.   Defendants deny the allegations in paragraphs 107, 107a, 107b, 107c, and 107d of Plaintiff's Complaint.

108.    Defendants deny the allegations in paragraph 108 of Plaintiff's Complaint.

109.    Defendants deny the allegations in paragraph 109 of Plaintiff's Complaint.

110 – 110b.    Defendants deny the allegations in paragraphs 110, 110a, and 110b of Plaintiff's Complaint.

111.    Defendants deny the allegations in paragraph 111 of Plaintiff's Complaint.

20

112.     Defendants deny the allegations in paragraph 112 of Plaintiff's Complaint.

113.     Defendants deny the allegations in paragraph 113 of Plaintiff's Complaint.

114.     Defendants deny the allegations in paragraph 114 of Plaintiff's Complaint.

115.     Defendants deny any allegations in Plaintiff's "Prayer for Relief" section of his Complaint and deny that Plaintiff is entitled to any of the relief he seeks in this section.

116.     Defendants deny every allegation in Plaintiff's Complaint not specifically admitted herein.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.     Counts I and II of Plaintiff's Complaint are barred by Eleventh Amendment Immunity.

2.     Defendants Susan Vaughn, Jayne Brownell, Steven Elliot, and Michael Curme are entitled to qualified immunity.

3.     Plaintiff has failed to mitigate any alleged damages.

4.     Even if an improper motive played any role in the challenged conduct (which Defendants deny), the same actions would have been taken without regard to the improper or impermissible motive.

5.     Plaintiff's Title IX claim is barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any allegedly discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

6.     Defendants reserve the right to add any defenses learned as a result of discovery.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiff, plus costs of this action and all other just and proper relief.

## JURY DEMAND

Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

MICHAEL DEWINE
Attorney General of Ohio

By:    <u>/s/ Doreen Canton</u>
       Doreen Canton (0040394)
       Evan T. Priestle (0089889)
       Taft Stettinius & Hollister LLP
       425 Walnut Street, Suite 1800
       Cincinnati, OH 45202
       Tel: (513) 381-2838
       Fax: (513) 381-0205
       canton@taftlaw.com
       epriestle@taftlaw.com

       Attorneys for Defendants
       Miami University, Susan Vaughn,
       Steven Elliot, Jayne Brownell,
       and Michael Curme

## CERTIFICATE OF SERVICE

I certify that on September 15, 2017, I filed the Defendants' Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all registered parties.

/s/ Doreen Canton

21269323.1