UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN NOKES, | : | Case NO. 1:17-CV-482 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| MIAMI UNIVERSITY, ET AL., | : | |
| Defendants. | : | **JOINT DISCOVERY PLAN** |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on various dates.

A. **MAGISTRATE CONSENT**

The parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

X do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐ unanimously give consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

B.  **RULE 26(A) DISCLOSURES**

    X    The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1). Information normally included in initial disclosures was exchanged in advance of the hearing on the motion for preliminary injunction

    ☐    The parties will exchange such disclosures by _____.

    ☐    The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE:    Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

C.  **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of Plaintiff's claims and damages, and Defendants' defenses.

2. The parties recommend that discovery

    ☒    need not be bifurcated

    ☐    should be bifurcated between liability and damages

    ☐    should be bifurcated between factual and expert

    ☐    should be limited in some fashion or focused upon particular issues which relate to _____

3. Disclosure and report of Plaintiff(s) expert(s) by June 1, 2018.

4. Disclosure and report of Defendant(s) expert(s) by July 6, 2018.

5. Disclosure and report of rebuttal expert(s) by August 3, 2018.

6. Disclosure of non-expert (fact) witnesses August 10, 2018.

7. Discovery cutoff September 7, 2018.

8. Anticipated discovery problems

    ☐    _____

    ☒    None

21622069.1

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation,(2) prepare for case dispositive motions, and (3) prepare for trial:

Plaintiff believes the case is currently amenable to settlement evaluation and that dispositive motions on plaintiff's due process claims can be filed relatively quickly. Plaintiff also believes that additional discovery, modeled after OCR requests to Miami, will be necessary for plaintiff's Title IX claim. Defendants believe that they will need discovery on all facets of plaintiff's claims, including but not limited to, plaintiff's knowledge underlying of the allegations made against him in the disciplinary proceedings. Defendants will also need discovery regarding plaintiff's claimed damages.

10. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

   _____ Yes

   _____ X _____ No

  (i)  The parties have electronically stored information in the following formats:

Email.

  (ii)  The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

No known issues.

21622069.1

11.     Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

_____ Yes

_____ X _____ No– however, the parties will address this via a joint proposed protective order.

(i)     The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:

This case will involve production of materials protected by the Family Educational Rights and Privacy Act.  The parties will include language addressing such materials as well as other privileged materials in their proposed protective order.  The parties will also include language addressing a procedure regarding the assertion of claims regarding privilege and confidentiality as well as the return of such documents.

(ii)    Have the parties agreed on a procedure to assert such claims AFTER production?

_____X_____ No – however, the parties will address this via a joint proposed protective order.

_____ Yes

_____ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

D.     LIMITATIONS ON DISCOVERY

1.      Changes in the limitations on discovery

☐     Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

☐     Extension of number of depositions (currently 10) permitted to .

☐     Extension of number of interrogatories (currently 25) to _____

☐     Other:_____

☒     None

4

E.    PROTECTIVE ORDER

☒    A protective order will likely be submitted to the Court on or before December 15, 2017.

☐    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996).

F.    SETTLEMENT

A settlement demand ☒has ☐has not been made.

A response ☐ has ☒has not been made.

A response can be made by December 15, 2017.

G.    MOTION DEADLINES

1.    Motion to amend the pleadings and/or add parties by January 5, 2018.

2.    Motions relative to the pleadings by January 26, 2018.

3.    Dispositive motions by October 19, 2018.

H.    OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION

    None
_____
_____

21622069.1

Respectfully submitted,

MICHAEL DEWINE
Attorney General of Ohio

| | |
|---|---|
| /s/ Joshua A. Engel (via email authorization 11/16/17)<br>Joshua A. Engel (0075769)<br>Anne Tamashasky (0064393)<br>Engel and Martin, LLC<br>4660 Duke Drive, Suite 101<br>Mason, OH 45040<br>Telephone: (513) 445-9600<br>Facsimile: (513) 492-8989<br>engel@engelandmartin.com | By: /s/Doreen Canton<br>Doreen Canton (0040394)<br>Evan T. Priestle (0089889<br>Taft Stettinius & Hollister LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45202<br>Tel: (513) 381-2838<br>Fax: (513) 381-0205<br>canton@taftlaw.com<br>epriestle@taftlaw.com |
| Attorneys for Plaintiff | Attorneys for Defendants |

21622069.1

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 16, 2017, I electronically filed a copy of the Joint Discovery Plan with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

    /s/Doreen Canton